UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

v.                                  Civil No. 16-cv-255-LM

Prosecutor Timothy Morgan, and
Wolfeboro Police Department


**REPORT AND RECOMMENDATION**


Pro se plaintiff, Josephine Amatucci, has filed a complaint (Doc. No. 1), and three addenda to the complaint (Doc. Nos. 3-5), against the Wolfeboro, New Hampshire, Police Department ("WPD") and the WPD Prosecutor, Timothy Morgan, seeking damages and an order from this court reversing her conviction in a state court criminal proceeding.  The pleadings are before the court for preliminary review.  See 28 U.S.C. § 1915(e)(2); LR 4.3(d)(2).


**Preliminary Review Standard**

The magistrate judge conducts a preliminary review of complaints filed in forma pauperis.  The magistrate judge may recommend to the district judge that one or more claims be dismissed if, among other things, the court lacks jurisdiction, a defendant is immune from the relief sought, or the complaint

fails to state a claim upon which relief may be granted.  See 28
U.S.C. § 1915(e)(2); LR 4.3(d)(2).  In conducting its
preliminary review, the court construes pro se complaints
liberally.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per
curiam).  The complaint must contain "sufficient factual matter,
accepted as true, to 'state a claim to relief.'"  See Ashcroft
v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).


### Background

On May 7, 2014, Amatucci was arrested for disobeying a
police officer.  A criminal complaint was subsequently brought
against Amatucci, and she was tried and convicted on that
charge.  Amatucci alleges that Morgan, the prosecutor in that
criminal case, replaced a CD/DVD that contained exculpatory
evidence, with a different CD/DVD.  As a result, Amatucci states
that she was denied access to exculpatory evidence that, she
asserts, would have resulted in her acquittal if it had been
admitted at trial.  Amatucci also alleges that Morgan conspired
with both the WPD and the trial court judge to violate
Amatucci's rights, and to prosecute her, knowing that her arrest
was unlawful.

**Claims Asserted**

Amatucci asserts the following claims in this action:

1.   Morgan concealed and suppressed exculpatory information from Amatucci and from the court, in violation of Amatucci's Fourteenth Amendment right to due process.

2.   Morgan knowingly utilized false evidence to convict Amatucci by substituting a CD/DVD that contained exculpatory evidence, with a different CD/DVD, and placed the substitute CD/DVD in evidence at trial, in violation of Amatucci's Fourteenth Amendment right to due process.

3.   Morgan engaged in a malicious prosecution against Amatucci, in violation of the Fourth and Fourteenth Amendments and state law.

4.   Morgan and the WPD conspired to subject Amatucci to a malicious prosecution, in violation of Amatucci's Fourteenth Amendment right to a fair trial and Fourth Amendment right not to be arrested without a warrant.

5.   Morgan and the state court judge conspired subject Amatucci to a malicious prosecution, in violation of Amatucci's Fourteenth Amendment right to a fair trial and Fourth Amendment right not to be arrested without a warrant.

6.   Morgan committed the crimes of fraud, perjury, and tampering with public records, by falsifying evidence utilized at trial.

**Discussion**

I.   **Heck Bar (Claims 1-5)**

Under Heck v. Humphrey, 512 U.S. 477 (1994), "[w]hen 'a judgment in favor of the plaintiff would necessarily imply the invalidity of [her] conviction or sentence,' . . . . [42 U.S.C. §]

3

1983 is not an available remedy," absent a showing that the

conviction terminated in her favor, or has been otherwise

invalidated.  Skinner v. Switzer, 562 U.S. 521, 533 (2011)

(quoting Heck, 512 U.S. at 487).  In this § 1983 action, seeking

damages and injunctive relief, Amatucci now asserts claims,

identified above as Claims 1-5, alleging violations of her

constitutional rights and her rights under state law.  To grant

Amatucci the relief she seeks in those claims, the court would

have to determine that her conviction, which has not been

overturned or otherwise invalidated, is invalid.  Accordingly,

the Heck bar applies in this case, and the district judge should

dismiss Claims 1-5.

## II.  Criminal Acts (Claim 6)

There is no cause of action under § 1983 for the failure to

prosecute a crime, as an individual has no federal

constitutional right to have criminal wrongdoers brought to

justice.  See Leeke v. Timmerman, 454 U.S. 83, 87 (1981);

Nieves-Ramos v. Gonzalez-De-Rodriguez, 737 F. Supp. 727, 728

(D.P.R. 1990) (citing Linda R. S. v. Richard D., 410 U.S. 614,

619 (1973) ("a private citizen lacks a judicially cognizable

interest in the prosecution or nonprosecution of another")).

Amatucci cannot state a claim asserting a right to have Morgan

prosecuted for criminal acts.  Accordingly, the district judge

should dismiss Amatucci's claim identified above as Claim 6.


## Conclusion

For the foregoing reasons, the district judge should

dismiss this action in its entirety.  Any objections to this

Report and Recommendation must be filed within fourteen days of

receipt of this notice.  <u>See</u> Fed. R. Civ. P. 72(b)(2).  Failure

to file objections within the specified time waives the right to

appeal the district court's order.  <u>See</u> <u>Garayalde-Rijos v. Mun.

of Carolina</u>, 747 F.3d 15, 21-22 (1st Cir. 2014).



_____
Andrea K. Johnstone
United States Magistrate Judge

October 13, 2016

cc:  Josephine Amatucci, pro se